## Shaffer v. Shaffer

C.P. of Chester County, no. 02039 N 1999.

*Jane Marks,* for plaintiff.
*William Litvin,* for defendant.

ENDY, *S.J.,* May 16, 2000—Debora and Craig Shaffer married on June 27, 1987, a few days after executing a prenuptial agreement purporting to fix their marital property rights in the event of divorce or death. Two years later, the couple had their first and only child, Nina, on October 6, 1989. Ms. Shaffer is a teacher who has also earned 18 credits towards a Master's degree in counseling. She is currently employed part-time as a substitute elementary school teacher in the Downingtown Area School District. She also works for a temporary service and does some private tutoring. Mr. Shaffer is a paramedic nurse at Brandywine Hospital and a part-time game warden for the Commonwealth.

The couple separated on November 4, 1999. Mr. Shaffer left the marital domicile, in which Ms. Shaffer continues to reside with Nina. Ms. Shaffer filed for spou-

sal and child support that same day. At a support conference on December 9, 1999, Mr. Shaffer raised the prenuptial agreement as a bar to Ms. Shaffer's spousal support request. The court entered a temporary order for child support in the amount of $620 per month and scheduled this matter for a long-day listing. We held an evidentiary hearing on April 11, 2000, at which both parties appeared and were represented by counsel.

Mr. Shaffer's 1999 W-2 recorded a gross annual income of $49,998. In addition, he received $1,050 in 1999 as a game warden. Dividing equally the other sources of income reported on the parties' federal form 1040, Mr. Shaffer received $187 in taxable interest income, $821 in ordinary dividends, $2,716 in capital gains (a source of income the Shaffers have historically experienced, according to previous federal returns), and $2,076 representing Mr. Shaffer's share of the parties' 1998 income tax refund received in 1999. Mr. Shaffer's total gross income for 1999 is $56,848.[1]

Calculating his tax liability under the status of married filing separately, as the parties are under no obligation to continue to file jointly, with the standard deduction and one personal exemption, we find Mr. Shaffer would pay $11,341 in federal taxes, $1,592 in state taxes, $510 in local wage tax, and $3,905 in FICA/Medicare taxes, for a total tax liability of $17,348. Deducting Mr. Shaffer's taxes from his gross income, we find Mr. Shaffer has a net annual income of $39,500, or $3,292 net per month.

---

1. Mr. Shaffer also received an award in settlement of a wage dispute with his employer. The parties, however, agreed to exclude this sum from the calculations.

Ms. Shaffer earned $5,766 as a substitute teacher in 1999 and $2,920 from temporary work, according to her W-2s. At the hearing, Mr. Shaffer produced records from Ms. Shaffer's employer that indicated Ms. Shaffer turned down a substantial amount of substitute teaching work in 1999. Ms. Shaffer declined 13 days' work in the fall of 1999. (See exhibit D-11.) We will impute the amount of income she could have earned had she accepted her assignments, $1,040, to her gross annual income. In addition, we find it reasonable to attribute an earning capacity to Ms. Shaffer reflecting her ability to engage in private tutoring in the summer months. We accept Mr. Shaffer's vocational expert's opinion that Ms. Shaffer could earn $2,000 from this part-time occupation. Lastly, we will incorporate Ms. Shaffer's share of the parties' joint sources of income as reported on their 1999 form 1040. According to the parties' joint federal form 1040, Ms. Shaffer received $187 in taxable interest income, $821 in ordinary dividends, $2,716 in capital gains, and $2,076 in 1998 refund money received in 1999. Adding these figures, Ms. Shaffer has a gross annual income/ earning capacity of $17,526.

Calculating her tax liability under the tax status of married filing separately with the standard deduction and two personal exemptions, we find Ms. Shaffer would pay $1,264 in federal taxes, $491 in state taxes, $117 in local wage tax, and $897 in FICA/Medicare contributions, for a total tax liability of $2,769. Deducting this figure from Ms. Shaffer's gross annual income yields a net annual income of $14,757, or $1,230 per month. However, Ms. Shaffer also receives a tax-free annuity in the amount of $1,000 per month. Adding this sum to her

other income, we find Ms. Shaffer receives $2,230 net per month.

Together, the parties earn $5,522 net per month. At the parties' income level, the guidelines instruct that $999 per month shall be allocated to the support of one child. Mr. Shaffer has 60 percent of the parties' combined income, therefore he is responsible for 60 percent of Nina's basic support, or $599 per month. However, Mr. Shaffer is entitled to a deduction from support in the amount of $26 per month, representing Ms. Shaffer's contribution to the family's health insurance premiums, as Mr. Shaffer maintains the family's health insurance coverage. Thus, Mr. Shaffer's net child support obligation is $573 per month.

Having reviewed the parties' prenuptial agreement, we are satisfied that it does not abrogate Ms. Shaffer's right to support. The agreement does not provide that there has been a full and fair disclosure to both parties of the marital property rights waived. See *Cooper v. Oakes,* 427 Pa. Super. 430, 629 A.2d 944 (1993) (full and fair disclosure includes disclosure of marital property rights waived); *Simeone v. Simeone,* 380 Pa. Super. 37, 551 A.2d 219 (1988), *aff'd,* 525 Pa. 392, 581 A.2d 162 (1990); cf. *Hamilton v. Hamilton,* 404 Pa. Super. 533, 591 A.2d 720 (1991) (prenuptial agreement upheld where wife specifically waived right to spousal support). Consequently, applying the formula at Pa.R.C.P. 1910.16-4(a)(IV), Ms. Shaffer is entitled to spousal support in the amount of $147 per month. In addition, provided Ms. Shaffer is paying the marital mortgage, and as the mortgage exceeds 25 percent of her net monthly income as defined in Pa.R.C.P. 1910.16-6(e), Ms. Shaffer is entitled

to a contribution from her husband towards the mortgage payments. Mr. Shaffer shall be required to contribute the sum of $119 per month, representing his obligation on the marital residence's mortgage, provided Ms. Shaffer pays the marital mortgage and keeps the payments current.

Ms. Shaffer has also requested that Mr. Shaffer contribute to Nina's equestrian expenses, share the fees of a non-network psychological services provider, and pay for a tutor for Nina. These requests are denied. Ms. Shaffer paid the bulk of Nina's equestrian expenses while the parties were an intact family; we are not persuaded to change this practice upon separation. As to the second request, Mr. Shaffer will, of course, be required to maintain health insurance coverage for his wife and child, but we will not impose upon him the obligation to provide more expensive, non-network services. The parties will be required to bear the responsibility for unreimbursed medical expenses, as that term is defined in Pa.R.C.P. 1910.16-6(c)(1), in proportion to their net incomes, with Mr. Shaffer responsible for 60 percent of said expenses and Ms. Shaffer responsible for the remaining 40 percent. Ms. Shaffer will be required to shoulder the responsibility of remitting the co-pays and other charges associated with continuing Nina in non-network counseling services. Lastly, Ms. Shaffer is a highly esteemed educator; we find that she can provide any tutoring services Nina may require.

## ORDER

AND NOW, May 16, 2000, consistent with the foregoing opinion, and based on this court's determination

that Mr. Shaffer's net monthly income is $3,292 and Ms. Shaffer's net monthly income/earning capacity is $2,230, it is hereby ordered and decreed that

(1) Craig W. Shaffer shall pay to the Support Collection and Disbursement Unit in Harrisburg, Pennsylvania for transmission to Debora Shaffer the sum of $573 per month in support of the parties' minor child, Nina, d.o.b. October 6, 1989;

(2) Craig W. Shaffer shall pay to the SCDU in Harrisburg, Pennsylvania for transmission to Debora Shaffer the sum of $147 per month as spousal support;

(3) Craig W. Shaffer shall maintain health insurance coverage for Debora and Nina and the parties shall bear responsibility for unreimbursed medical expenses, as that term is defined in Pa.R.C.P. 1910.16-6(c)(1), in proportion to their net incomes, with Mr. Shaffer responsible for 60 percent of said expenses and Ms. Shaffer responsible for the remaining 40 percent;

(4) Provided Ms. Shaffer is paying the mortgage on the marital residence, and so long as she continues to pay said mortgage and keep it current Mr. Shaffer shall pay to the SCDU in Harrisburg, Pennsylvania the additional sum of $119 per month, as representative of his contribution to the mortgage obligation;

(5) Mr. Shaffer shall pay to the SCDU in Harrisburg, Pennsylvania the additional sum of $50 per month towards arrears until paid in full;

(6) Mr. Shaffer shall receive a credit against arrears for payments made pursuant to the temporary order entered December 9, 1999;

(7) The effective date of this order is November 4, 1999.